Jeremy M. Pelphrey (SBN 249862)
Patrick J. Hagan (SBN 266237)
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel: 310.598.4166 / Fax: 310.556.9828
jpelphrey@foxrothschild.com
phagan@foxrothschild.com

Attorneys for Court-Appointed Plan
Administrator Nicholas L. Saakvitne

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS L. SAAKVITNE, in his capacity as Court-Appointed Plan Administrator,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH SARVA, an individual; and RAMESH SARVA CPA, P.C., a New York Professional Corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Nicholas L. Saakvitne ("Plaintiff"), in his capacity as Court-Appointed Plan Administrator to the Southern California Manufacturers' and Agricultural Producers' League Voluntary Employees' Beneficiary Association Master Plan; the Southern California Entertainment and Communication Guild Voluntary Employees' Beneficiary Association Master Plan; the Southern California Medical Profession Association Voluntary Employees' Beneficiary Association Master Plan; the Southern California Retail Merchants' League Voluntary Employees' Beneficiary Association Master Plan; the California Building Supply, Wholesalers' and Contractors' League Voluntary Employees' Beneficiary Association Master Plan; and the Southern California Consultants' and Financial Planners' Profession Association Voluntary Employees' Beneficiary Association Master Plan (collectively, "the Sea Nine VEBAs"), hereby files this Complaint and alleges as follows:

## SUMMARY OF ACTION

1. This is a civil action seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1191c.

2. Plaintiff brings this action in response to a recent complaint filed in the United States District Court for the Eastern District of New York by a former administrator of the Sea Nine VEBAs, Ramesh Sarva ("Sarva"), against Comerica Bank ("Comerica") in its capacity as the directed trustee of the Sea Nine VEBAs, seeking damages purportedly arising from an alleged breach of oral contract (the "New York Action," E.D.N.Y. no. 1:15-cv-00219-FB-RER (filed Jan. 15, 2015)). Plaintiff is not a party to the New York Action.

3. In light of Sarva's failure to name Plaintiff as a defendant in his New York Action, given the absence of the New York court's jurisdiction over Plaintiff personally, and in accordance with the provisions in the Sea Nine VEBAs' plan documents which grant Plaintiff the exclusive authority to disburse plan assets, Plaintiff seeks a declaration that Comerica may not disburse the Sea Nine VEBAs

plan assets under any circumstance pursuant to any judgment or order in the New York Action and/or that Sarva may not seek such assets without a judgment or order enforceable as to Plaintiff directly. In other words, Plaintiff seeks a declaration that he is a necessary party to any action affecting the assets of the Sea Nine VEBAs.

## PARTIES

4. Plaintiff is an individual residing in Pacific Palisades, California. By the order of the Honorable Josephine L. Staton, Judge of the United States District Court for the Central District of California, he is the Plan Administrator for the Sea Nine VEBAs.

5. Defendant Sarva is an individual residing and domiciled in Little Neck, New York. He is a former promoter and advocate of the Sea Nine VEBAs, now enjoined by court order from such activity.

6. Defendant Ramesh Sarva, CPA, P.C. ("Sarva PC") is a corporation organized under the laws of the State of New York with its principal place of business in Sunnyside, New York.

## JURISDICTION & VENUE

7. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and an amount in controversy greater than $75,000. This Court also has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the dispute arises under federal ERISA law.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the underlying events giving rise to this Complaint happened in this district, and there are multiple related cases currently pending before this Court pertaining to the Sea Nine VEBAs, which were formed in this district.

## FACTUAL ALLEGATIONS

9. From 2001 until otherwise enjoined by this Court, Sarva and an individual named Kenneth Elliott ("Elliott"), through various business entities

including Sea Nine Associates, Inc. ("Sea Nine"), promoted and sold to high-income closely-held businesses certain welfare benefit arrangements known as voluntary employee beneficiary associations, or VEBAs. The Sea Nine VEBAs were among those promoted and sold by Sarva and Elliott.

10. From their inception, the Sea Nine VEBAs were intended to qualify as multiple employer plans, and later as "10 or more employer plans" under Internal Revenue Code section 419A(f)(6), so that the funding and deductible contribution limitations of the Code would not apply to the participating employer, thereby providing the participating employer substantial tax deductions. Additionally, the Sea Nine VEBAs themselves were intended to be exempt from income tax to the insured under Code section 501(c)(9), which includes a specific exemption for VEBAs.

11. In accordance with 29 U.S.C. § 1103(a)(1), the Sea Nine VEBAs' original plan documents designated a "committee" of plan administrators which were appointed to direct the actions of the plans' trustee. Pursuant to the original plan documents, the committee – which typically included Elliott and/or Sarva among its members – had exclusive control over the disposition, investment, and disbursement of trust assets; the directed trustee's role was limited to complying with the committees' instructions to the extent permitted by applicable law.

12. In 2007, Comerica became the directed trustee of the Sea Nine VEBAs.

13. On October 9, 2013, the United States Department of Justice filed a complaint against Sea Nine, Elliot, and Sarva alleging, *inter alia*, that the Sea Nine VEBAs were unlawful tax shelters. *United States of America v. Kenneth Elliott et al.*, C.D. Cal. no. 8:13-cv-01582-JLS-JPR (filed Oct. 9, 2013) (the "DOJ Action"). In September 2014, the Honorable Josephine L. Staton of the federal district court for the Central District of California entered judgments against Sea Nine, Elliot, and Sarva, permanently enjoining them from further promoting or administering any VEBA. *United States of America v. Kenneth Elliott et al.*, C.D. Cal. no. 8:13-cv-01582-JLS-JPR (filed Oct. 9, 2013).

14. In response to the DOJ Action, on February 7, 2014, Comerica filed an action for, *inter alia*, declaratory relief and the appointment of a new plan administrator. *Comerica Bank v. Sea Nine Assocs. Inc., et al.*, C.D. Cal. case no. 8:14-cv-00186-JLS-JLR. On November 24, 2014, pursuant to Comerica's requests for relief in that action, the court appointed Plaintiff as the administrator for the Sea Nine VEBAs and authorized him to take full control of those plans to ensure an orderly wind-down and distribution of assets or a stable and continued operation. On October 30, 2015, Plaintiff duly submitted his proposal for the Sea Nine Plans' wind-down and distribution of assets or continued operation (at the election of the plan participants), which was approved by the court on December 11, 2015.

15. On January 22, 2016, Sarva and his corporate alter ego, Sarva PC, filed a first amended complaint ("FAC") against Comerica in the New York Action. Sarva's FAC purports to repair his original complaint's failure to identify Comerica in its capacity as trustee of the Sea Nine VEBAs.

16. Like Sarva's original complaint, the FAC asserts three causes of action, for breach of contract, account stated, and *quantum meruit*. In support of those claims, Sarva alleges that he entered into an oral agreement with Comerica to act as the bookkeeper and accountant for the Sea Nine Plans between 2007 and 2013, in exchange for an administrative fee of $1,200.00 per year, per member. Sarva alleges that he performed those services for 236 members, prompting a total demand "in excess of $1,700,000.00." On information and belief, Sarva's FAC was accompanied by an assertion that he intends to collect a judgment in the New York Action from the assets belonging to the Sea Nine VEBAs.

17. The evidence supporting Sarva's claims – which appears to be only the testimony of Sarva and Elliott themselves – is not credible. Nonetheless, to the extent the plan documents require the Sea Nine Plans to indemnify the directed trustee for, *inter alia,* fees incurred pursuant to actions against it in its capacity as directed trustee,

the New York Action has the potential for impact on the Sea Nine Plans' remaining assets, regardless of the outcome.

18. To avoid further unnecessary losses or claims accruing without his active participation, Plaintiff seeks a declaration that, pursuant to the plan documents and in accordance with 29 U.S.C. § 1103(a)(1), he is a necessary party to any action affecting the assets of the Sea Nine VEBAs.

## **CAUSE OF ACTION FOR DECLARATORY RELIEF**

19. Plaintiff incorporates and realleges by reference the foregoing paragraphs as if fully set forth herein.

20. In light of Sarva's amendment of his demand in the New York Action to identify Comerica in its capacity as the directed trustee of the Sea Nine VEBAs, given the absence of the New York court's jurisdiction over Plaintiff personally, and in accordance with the provisions in the Sea Nine VEBAs' plan documents which grant Plaintiff the exclusive authority to disburse plan assets, an actual controversy now exists between the parties. Specifically, Sarva seeks a judgment against Comerica to recover the Sea Nine Plans' assets which can only be disbursed by Plaintiff in accordance with the plan documents and 29 U.S.C. § 1103(a)(1).

21. A judicial determination resolving this actual controversy is necessary and appropriate at this time, and Plaintiff seeks declaratory relief accordingly pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

//
//
//
//
//
//
//
//

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a judicial declaration that Comerica may not disburse the Sea Nine VEBAs plan assets under any circumstance pursuant to any judgment or order in the New York Action; that neither Sarva nor Sarva PC may not seek such assets without a judgment or order enforceable as to Plaintiff directly; and that Plaintiff is a necessary party to any action affecting the assets of the Sea Nine VEBAs.

2. For costs of suit; and

3. For such further relief as the Court deems just and proper.

Dated: Feb. 5, 2016

FOX ROTHSCHILD LLP

By: _____
Jeremy M. Pelphrey
Patrick J. Hagan
Attorneys for NICHOLAS L. SAAKVITNE in his capacity as Court-Appointed Plan Administrator