Jeremy M. Pelphrey (SBN 249862)
Patrick J. Hagan (SBN 266237)
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel: 310.598.4166 / Fax: 310.556.9828
jpelphrey@foxrothschild.com
phagan@foxrothschild.com

Attorneys for Court-Appointed Plan
Administrator Nicholas L. Saakvitne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS L. SAAKVITNE, in his capacity as Court-Appointed Plan Administrator,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAMESH SARVA, an individual; and RAMESH SARVA CPA, P.C., a New York Professional Corporation,<br><br>　　　　Defendant. | Case No.:  8:16-CV-00207-JLS-JPR<br><br>Hon. Josephine L. Staton<br><br>**JOINT SCHEDULING CONFERENCE REPORT [RULE 26(f) REPORT]**<br><br>Date:　　June 17, 2016<br>Time:　　1:30 p.m.<br>Location:　Room 10A |

The parties, Plaintiff Nicholas L. Saakvitne (the "Plan Administrator"), in his capacity as Court-Appointed Plan Administrator of the Southern California Manufacturers' and Agricultural Producers' League Voluntary Employees' Beneficiary Association Master Plan; the Southern California Entertainment and Communication Guild Voluntary Employees' Beneficiary Association Master Plan; the Southern California Medical Profession Association Voluntary Employees' Beneficiary Association Master Plan; the Southern California Retail Merchants' League Voluntary Employees' Beneficiary Association Master Plan; the California Building Supply, Wholesalers' and Contractors' League Voluntary Employees' Beneficiary Association Master Plan; and the Southern California Consultants' and Financial Planners' Profession Association Voluntary Employees' Beneficiary Association Master Plan (collectively, "the Sea Nine VEBAs"); and Defendant Ramesh Sarva ("Sarva"), jointly submit this Rule 26(f) Report based on the conference held by counsel for all parties on June 3, 2016. Patrick Hagan participated on behalf of the Plan Administrator, and Jason Harrington[1] participated on behalf of Sarva.

**a.     Statement of the Case**

    1.     Procedural History

On February 5, 2016, the Plan Administrator filed a complaint against Sarva and his company, Ramesh Sarva CPA, P.C. ("Sarva CPA"), for declaratory relief. (ECF No. 1.) Both defendants were timely served with the summons and complaint.

On March 8, 2016, Mr. Sarva and Sarva CPA submitted a joint answer to the complaint, but it was rejected by the Court for failure to abide by Local Rule 7.1-1, and for failure of Sarva CPA, as a corporation, to procure counsel. (ECF Nos. 13, 14.)

On April 20, 2016, Mr. Sarva filed a Motion to Dismiss, or, in the Alternative,

---

[1] Sarva is currently in the process of identifying local counsel to permit Mr. Harrington to apply to appear *pro hac vice*. To facilitate the filing of this joint report, the Plan Administrator waives all potential objections to Mr. Harrington's appearance here, so long as Mr. Harrington applies for *pro hac vice* admission on or before July 2, 2016.

Transfer Venue, set for hearing on June 17, 2016. (ECF Nos. 15-17.) The Plan Administrator filed his opposition on May 27, 2016.

The Plan Administrator filed a procedurally deficient application for default against Sarva CPA, and has been ordered to rectify the deficiencies and re-file the application. (ECF Nos. 20, 23.)

2. Case Summary

This case was filed by the Plan Administrator to prevent Sarva from pursuing litigation in New York against Comerica Bank, the directed trustee of the Sea Nine VEBAs, in which Sarva is seeking to obtain a judgment against the Sea Nine VEBAs' assets. The case currently pending in New York is entitled *Sarva v. Comerica Bank*, case no. 1:15-cv-00219-FB-RER (E.D.N.Y., filed Jan. 15, 2015) (the "New York Action").

Specifically, the Plan Administrator seeks a declaration that he is an indispensable party to the New York Action, and that any judgment rendered in his absence is not enforceable against the Sea Nine VEBAs, since Comerica, as a directed trustee, is not authorized to disburse plan assets without the Plan Administrator's approval. Because the Plan Administrator is not subject to the personal jurisdiction of the New York court, and since he has declined to intervene in the lawsuit there, a declaration by this Court that he is an indispensable party to the New York Action would be tantamount to a dismissal of the New York Action, although Sarva would be legally free to pursue his claims in California.

Sarva denies that the Plan Administrator is a necessary party to the New York Action. Even if the Plan Administrator were a necessary party, Sarva contends that the New York court is the better venue to resolve the matter.

b. **Legal Issues**

The Plan Administrator's complaint presents a single issue: whether the Plan Administrator, who maintains exclusive control over the assets of the Sea Nine VEBAs subject to his fiduciary duties to the plans and their participants, is a necessary

party to a lawsuit seeking to recover the Sea Nine VEBAs' assets as damages. In other words: whether Sarva can recover the Sea Nine VEBAs' assets as damages in a case against Comerica Bank in its capacity as directed trustee of the Sea Nine VEBAs, where the Plan Administrator has not been named as a defendant and where Comerica Bank cannot disburse the assets of the Sea Nine VEBAs without the Plan Administrator's express consent.

Sarva's Motion to Dismiss presents two issues: first, whether the Plan Administrator has standing to sue or be sued on behalf of the Sea Nine VEBAs, and whether the New York court is a better venue to resolve the legal issue posed in the Plan Administrator's complaint.

**c.   Damages**

Neither party is seeking damages in the instant case.

**d.   Insurance**

Neither party has insurance coverage for this case.

**e.   Motions**

Sarva has filed a motion to dismiss the complaint, set for hearing on June 17, 2016. (ECF Nos. 15-17.) The Plan Administrator intends to file a motion for summary judgment.

**f.   Manual for Complex Litigation**

The Manual for Complex Litigation should not be used in this case.

**g.   Status of Discovery**

No formal discovery has been completed.

**h.   Discovery Plan**

This case presents primarily a disputed question of law, not fact, and the parties expect discovery to be limited. Nonetheless, following the initial disclosures, both parties expect to propound interrogatories, requests for admissions, and requests for production of documents, with the hope of arriving at a set of stipulated facts for submission to the Court in connection with a motion (or cross-motions) for summary

judgment. The parties expect to propound their single (respective) set of written discovery in July, after Sarva obtains local counsel.

The parties do not anticipate significant privilege issues, or significant issues pertaining to electronically stored information ("ESI"). Each party, however, has taken necessary steps to preserve relevant or potentially relevant evidence. To the extent that the parties later develop a need for significant ESI, they will meet and confer regarding the same.

The parties have agreed to make their initial disclosures by Friday, June 10, 2016. The parties do not anticipate the need to call expert witnesses in this case, and accordingly do not identify an expert discovery cut-off date.

**i.     Discovery Cut-off**

The parties propose a discovery cut-off date of September 30, 2016.

**j.     Dispositive Motions**

The Plan Administrator intends to file a motion for summary judgment on the single issue posed by the complaint and described in section (b), above. Sarva has filed a motion to dismiss, also on issues described in section (b), above.

**k.     Settlement**

The parties have not yet conducted any settlement discussions. The parties believe that alternative dispute resolution may be inapposite to a dispute of law, but nonetheless choose ADR Procedure No. 2, and expect to complete it by September 30, 2016.

**l.     Trial Estimate**

The parties do not believe that a trial consisting of oral testimony will be needed, but in the event circumstances change, a trial of no more than three days would be sufficient.

**m.    Trial Counsel**

Trial counsel for the Plan Administrator will be Patrick Hagan. Trial counsel for Sarva will be Jason Harrington, contingent upon his application to appear *pro hac vice*.

**n.    Independent Expert or Master**

The parties do not believe that an independent expert or master will be needed in this case.

**o.    Other Issues**

The parties do not believe that this case will present any unusual issues, except insofar as it presents a dispute of law, and not one of facts.

Dated: June 3, 2016                           FOX ROTHSCHILD LLP

                                              By: _[signature]_____
                                              Jeremy M. Pelphrey
                                              Patrick J. Hagan
                                              Attorneys for Plaintiff NICHOLAS L.
                                              SAAKVITNE in his capacity as Court-
                                              Appointed Plan Administrator

Dated: June 3, 2016                           Harrington & Gokhale, PLLC

                                              By: _[signature]_____
                                              Jason Harrington
                                              Attorneys for Defendant RAMESH
                                              SARVA

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: *Saakvitne v. Sarva et al.*

CASE NO.: 8:16-CV-00207-JLS-JPR

| Matter | Weeks Before Trial | Plaintiff Requests | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus sixty (60) Days | Aug. 12, 2016 | Aug. 12, 2016 |
| Fact Discovery Cut-Off | 21 | Sept. 16, 2016 | Sept. 16, 2016 |
| Last Day to Serve Initial Expert Reports | 19 | Sept. 30, 2016 | Sept. 30, 2016 |
| Last Day to File Motions (Except Daubert and all other Motions in Limine) | 19 | Sept. 30, 2016 | Sept. 30, 2016 |
| Last Day to Serve Rebuttal Expert Reports | 15 | Oct. 28, 2016 | Oct. 28, 2016 |
| Last Day to Conduct Settlement Proceedings | 12 | Nov. 18, 2016 | Nov. 18, 2016 |
| Expert Discovery Cut-Off | 11 | Nov. 23, 2016 | Nov. 23, 2016 |
| Last Day to File Daubert Motions | Expert Discovery Cut-Off Date plus seven (7) days | | |
| Last Day to File Motions in Limine (excluding Daubert Motions) | Final Pre-Trial Conference Date less twenty-eight (28) days | Dec. 23, 2016 | Dec. 23, 2016 |
| Final Pre-Trial Conference (Friday at 1:30 p.m.) | 3 | Jan. 20, 2017 | Jan. 20, 2017 |
| Last Day to File Proposed Finding of Facts and Conclusions of Law | 1 | Jan. 31, 2017 | Jan. 31, 2017 |
| Exhibit Conference (Friday at 3:30 p.m.) | Friday before trial | Feb. 3, 2017 | Feb. 3, 2017 |
| Trial: Jury or Court (Tuesday at 9:00 a.m.) | | Feb. 7, 2017 | Feb. 7, 2017 |

1

**JOINT SCHEDULING CONFERENCE REPORT [RULE 26(f) REPORT]**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1800 Century Park East, Suite 300, Los Angeles, California 90067-3005.

On June 3, 2016, I served the following document(s) described as **JOINT SCHEDULING CONFERENCE REPORT [RULE 26(f) REPORT** on the interested parties in this action as follows:

| | |
|---|---|
| Ramesh Sarva CPA, P.C.<br>43-33 48th Street Lower Level<br>Sunnyside, NY 11104<br>E-Mail: Ramesh@sarva.org;<br>jason@psrsealty.com | Ramesh Sarva<br>251-24 57th Avenue<br>Queens, NY 11362<br>E-Mail: Ramesh@sarva.org;<br>jason@psrsealty.com |

**[ X ]  BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Fox Rothschild LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ X ]  BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address cliu@foxrothschild.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 3, 2016, at Los Angeles, California.

_____
Cindy Liu