Jeremy M. Pelphrey (SBN 249862)
Patrick J. Hagan (SBN 266237)
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel: 310.598.4166 / Fax: 310.556.9828
jpelphrey@foxrothschild.com
phagan@foxrothschild.com

Attorneys for Court-Appointed Plan
Administrator Nicholas L. Saakvitne

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS L. SAAKVITNE, in his capacity as Court-Appointed Plan Administrator,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH SARVA, an individual; and RAMESH SARVA CPA, P.C., a New York Professional Corporation,<br><br>Defendant. | Case No.: 8:16-CV-00207-JLS-JPR<br><br>Hon. Josephine L. Staton<br><br>**NOTICE OF DECISION BY OTHER COURT** |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff Nicholas L. Saakvitne (the "Plan Administrator"), in his capacity as Court-Appointed Plan Administrator of the Sea Nine VEBAs, hereby provides notice pursuant to the Court's Order dated June 16, 2016 [ECF No. 26] of a decision by the Honorable Frederic Block in the related case entitled *Sarva et al. v. Comerica Bank*, E.D.N.Y. case no. 1:15-cv-00219-FB-RER. A true and correct copy of the decision is attached hereto as **Exhibit A**.

Dated: Oct. 28, 2016

FOX ROTHSCHILD LLP

By: _____
Jeremy M. Pelphrey
Patrick J. Hagan
Attorneys for Plaintiff NICHOLAS L. SAAKVITNE in his capacity as Court-Appointed Plan Administrator

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
RAMESH SARVA, individually and on
behalf of RAMESH SARVA CPA, P.C.,

                Plaintiff,

    -against-

COMERICA BANK, in its capacity as
trustee,

               Defendant.
------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 24 2016 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
15-0219 (FB)

*Appearances:*
*For the Plaintiff*
JASON R. HARRINGTON
13 Schoolhouse Lane
Great Neck, New York 11020

*For the Defendant*
PETER H. BALES
55 Second Street, Suite 1700
San Francisco, California 94105

**BLOCK, Senior District Judge:**

        In this breach of contract action, Ramesh Sarva ("Sarva") alleges that Comerica Bank ("Comerica"), the trustee of six trusts to which Sarva was a plan administrator, failed to pay him for his management services to those trusts. Comerica moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7)[1] and, alternatively, to transfer this action to the Central District of California. Comerica argues the trusts'

---

[1] After a pre-motion conference regarding Comerica's proposed FRCP 12(b)(7) motion, the Court directed the parties to submit letter briefs addressing whether Saakvitne is a necessary and indispensable party. The Court takes Comerica's letter brief as motions to dismiss and, alternatively, transfer venue.

current court-appointed plan administrator, Nicholas Saakvitne ("Saakvitne"), is a necessary and indispensable party to this action under FRCP 19.

"The general rule regarding a [FRCP] 12(b)(7) motion where a contract is involved is that [a] non-party to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract." *ConnTech Development Co. v. University of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 682 (2d Cir. 1996) (internal quotations omitted). Saakvitne is not a party to the alleged contract between Sarva and Comerica. Comerica argues that Saakvitne is nevertheless necessary because Sarva seeks a judgment against assets belonging to the trusts that Saakvitne administers. But a person is only necessary when, "in that person's absence, the court cannot accord complete relief among existing parties" or that person has an interest in the action that would be impeded if the person was not joined. FRCP 19(a)(1). As an *administrator*, Saakvitne merely manages the assets; he has no ownership interest or discretion to withhold those assets from satisfying a judgment. Indeed, the order appointing Saakvitne as plan administrator explicitly states that he "shall not be held responsible for any claims against . . . the Directed Trustee . . . which existed, arose, matured, or vested prior to his appointment." Def. Brief Ex. A. The Court sees no serious prejudice or inefficiency in proceeding without Saakvitne because it can accord complete relief with the existing parties, and Saakvitne has no interest in the

2

trusts' assets beyond their management; Comerica's motion to dismiss or, alternatively, to transfer are therefore DENIED.

**SO ORDERED**

s/Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 21, 2016

3